**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

|  |  |
|---|---|
| MAURER, et al | : |
| Plaintiffs, | : Civil Action No. |
| vs. | : 3:25-CV-16116-ZNQ-TJN |
| SAKER PROPERTIES OF MANAHAWKIN, LLC, | : **JOINT** **DISCOVERY PLAN** |
| Defendant. | : |

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

*Attorney for Plaintiffs:*

Jon G. Shadinger Jr., Esq.
Shadinger Law
2220 N. East Avenue
Vineland, NJ 08360
(609) 319-5399
js@shadingerlaw.com

*Attorneys for Defendant:*

Peter R. Errico, Esq.
Wolff, Helies, Spaeth, Lucas & Errico
Wall Circle Park
1973 NJ-34, Suite 204
Wall Township, NJ 07719
(732) 223-5100
petere@wolffhelies.com

2. **Set forth a brief description of the case, including the causes of action and defenses asserted.**

**Plaintiffs' statement**

- Plaintiffs assert claims against Defendant based on violations of Title III of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("LAD"). This matter involves a shopping center/plaza, owned/operated by the Defendant, in Manahawkin, NJ, and the architectural barriers/ADA violations that exist there upon.

- Plaintiffs contend that it is the duty of the Defendant to ensure its property abides by the ADA/LAD and does not discriminate against mobility impaired/disabled individuals through architectural barriers and/or deficient practices or policies.

- Specifics to the above are enumerated in Plaintiffs' Complaint.

- The Plaintiffs require a thorough site inspection, under Rule 34, to determine the full breadth of ADA violations existing upon the Defendant's property and may amend the complaint after the completion of such.

**Defendant's statement:**

The Defendant denies all claims/allegations contained in Plaintiffs' Complaint and leaves Plaintiffs to their proofs.

3. **Have settlement discussions taken place?** No.

    (a) What was Plaintiff's last demand?

        (1) Monetary demand: n/a
        (2) Non-monetary demand: n/a

    (b) What was Defendant's last offer?

        (1) Monetary offer: n/a
        (2) Non-monetary offer: n/a

4. **The parties have conferred pursuant to Fed. R. Civ. P. 26(f).**

5. **The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

6. **Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).** None.

7. **The parties have not conducted discovery other than the above disclosures.**

8. **Proposed joint discovery plan:**

    **(a) Discovery is needed on the following subjects**: (1) Plaintiffs' allegations regarding claim under the Americans with Disabilities Act; (2) the alleged damages sought by the individual Plaintiff and any efforts to mitigate those damages; (3) Defendant's alleged affirmative defenses as set forth in the Answer and any other defenses that may become applicable during discovery; (4) all other issues raised by the pleadings; (5) any expert disclosures; (6) all other matters that will reasonably lead to discovery of admissible evidence.

**(b)** Discovery **should not be** conducted in phases or be limited to particular issues. Explain.

**(c)** Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures: **Completed.**

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): by **Completed.**

(3) Service of initial written discovery by **January 30, 2026**.

(4) Maximum of **25** Interrogatories by each party to each other party, including sub-parts.

(5) Maximum of **15** Requests for Admissions by each party to each other party, including sub-parts.

(6) Maximum of **15** Requests for Production of Documents by each party to each other party, including sub-parts.

(7) Maximum of **3** depositions to be taken by each party.

(8) Motions to amend or to add parties to be filed by **February 27, 2026**.

(9) Factual discovery to be completed by **May 8, 2026**.

(10) Plaintiffs' expert report due on:

**February 20, 2026.**

(11) Defendant's expert report due on:

**March 20, 2026.**

(12) Expert depositions to be completed by:

**May 1, 2026.**

(13) Dispositive motions to be served within **45** days of completion of discovery.

**(d)** Set forth any special discovery mechanism or procedure requested.

None, currently.

3

**(e)**  A pretrial conference may take place in **TBD.**

**(f)**  Trial date: **TBD.**

**9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

The Parties may consider videotaping the depositions and/or hold any deposition via Zoom (or other such video conferencing platform). The parties agree to work together to address any further issues as they arise.

**10.  Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

No.

**If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

Electronic mail and other electronic documents to be printed and produced in hard copy or as PDF documents transmitted electronically or on disc, to the extent any such documents can more economically be produced in such manner.  Each side shall bear the costs of their own production.

**11.   Do you anticipate entry of a Discovery Confidentiality Order?  *See* L. Civ. R. 5.3(b) and Appendix S.**

Not currently.  If the issue arises, the parties agree to work together in bringing a proposed Discovery Confidentiality Order before the Court.

**12.   Do you anticipate any discovery problem(s) not listed above?**

No.

**13.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The Parties agree to discuss mediation after the close of discovery.

**14.     Is this case appropriate for bifurcation?**   No.

4

15.      **An interim status/settlement conference should be held in March 2026.**

16.      **The Parties do not consent to the trial being conducted by a Magistrate Judge.**

17.      **Identify any other issues to address at the Rule 16 Scheduling Conference.**

The scheduling of a site inspection.

| SHADINGER LAW | WOLFF, HELIES, SPAETH, LUCAS & ERRICO |
|---|---|
| */s/ Jon G. Shadinger Jr.* | */s/ Peter R. Errico* |
| **Jon G. Shadinger, Jr., Esq.** | **Peter R. Errico, Esq.** |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |

5